Our final case for argument this morning is Porosh v. Garland. We have Mr. Cochran. All right. Looks like we do, though oddly vertical. Ms. Schumer. Thank you, Your Honor. May I start? May it please the Court. My name is Marwa Jemani. I represent Petitioner Mr. Al Amin Porosh. I would like to... Could you please raise your voice as I said to one of your predecessors? That microphone doesn't amplify. It records. And this is a big room. May it please the Court. My name is Marwa Jemani. I represent Petitioner Mr. Al Amin Porosh. I would respectfully ask to reserve two minutes for rebuttal, Your Honor. Mr. Porosh, 25 years old, native and citizen of Bangladesh, who has been in detention with immigration ever since he entered the United States. If you can't raise your voice, perhaps you could speak more slowly. Interested, Your Honor. We would respectfully ask this Court to remand the case and grant the petition for review on the ground that substantial evidence on the record compels an alternate finding, Your Honor. The immigration judge's decision, as supplemented by the Board of Immigration of Appeal, erroneously questioned Mr. Porosh's credibility and faulted him based on his speculation and unsupported personal opinion and even faulted him for not providing additional corroborative evidence in support of his claim. For example, Your Honor, the immigration judge used Mr. Porosh Yangej to be a political activist about his political activities, second, about his political activities in Bangladesh. Third, when the immigration judge mischaracterized the country condition evidence and did not take the totality of the country condition evidence and faulted Mr. Porosh's credibility. And fourth, when the immigration judge did not articulate in his decision about what additional corroborative evidence that Mr. Porosh should have provided, neither give him the opportunity to explain why these evidence are not reasonably obtainable. And turning to my first point, Your Honor, the immigration judge specifically stated that, based on his, erroneously based on his personal opinion, that how it's hard, it's difficult for this court to believe that Mr. Porosh, due to his young age, was able to recruit members to his party to the extent that has a threat to the opposing political party. However, the immigration judge here, Your Honor, did not point out to anything in the record or country condition evidence or case law where stated young Bengali individuals did not participate in political activities. And second, Your Honor, the immigration judge stated that Mr. Porosh was vague about his job duties, while Mr. Porosh specifically testified about his activities with his political party. He testified that he was an active participant in political meetings for his party. He was instrumental in recruiting members to his party. And he would provide community activism as part of his political activism. And he was able to meet with members of the public and educate them and advocate for his party. The immigration judge did not follow up with the questions or what additional activities that Mr. Porosh could have done in order to consider him that he... But there's no obligation for the immigration judge to do that, is there? The judge doesn't have to identify additional evidence that the petitioner could have come forward. Your Honor, we are talking about, like, additional activities. He faulted Mr. Porosh based on his own speculation, and he was vague about his duties. However, he never pointed out to... He stated, like, he was not clear about how many members he recruited. He could have asked Mr. Porosh about these additional questions. However, the immigration judge never did and speculated that he was vague about what he did in Bangladesh. And third, most important point, Your Honor, that the immigration judge clearly mischaracterized the country condition evidence submitted to the record, Your Honor. The immigration judge solely focused on acts that occurred in 1970, decades before Mr. Porosh was even born, and did not take into the consideration the current country condition evidence, where specifically stated that the U.S. Department of State did not designate JAMA to be a terrorist organization. Second, Your Honor, the immigration judge also mischaracterized the country condition evidence when he focused on the inception of JAMA in 1940, Your Honor. However, he did not take into consideration the current country condition evidence, and I am reflecting to page 316 on the record, where it states that JAMA advocates for a stronger societal and political foundation in Bangladesh. And third, Your Honor, the immigration judge misstated that only leaders of JAMA were persecuted in Bangladesh. However, Your Honor, the country condition evidence, and I'm reflecting to page 341, specifically stated the U.S. Department of State, Human Rights, Bangladesh 2020, that both leaders and members of JAMA were persecuted, Your Honor. Your Honor, the immigration judge and the Board of Immigration of a BLR expert agency, they are supposed to be special on the field. They are not supposed to solely focus on things that happened decades before Mr. Purosh was even born, and not even take into totality what the current country condition evidence is saying, along with Mr. Purosh's testimonial evidence and the corroborative evidence, Your Honor, submitted to the record. Clearly, Mr. Purosh's inception of JAMA, he testified, he joined JAMA because what attracted him is what he witnessed on the local level, what he witnessed members were doing at the time he joined. They were responding to natural disaster, providing food, water, and that's what attracted him, not what happened, Your Honor, like decades before he was even born. Clearly, the immigration judge, clearly arrayed on this specific point. And Your Honor, the most important point, also corroboration. The immigration judge did not take into consideration this court ruling, Your Honor, in Raphael v. McCaskey, where this court specifically requested the immigration judge to first articulate what additional corroborative evidence that he would have expected petitioner to provide, and second, give the petitioner an opportunity to explain why these evidence were not reasonably obtainable. And the immigration judge, in this case, failed to do so, Your Honor. And even, Your Honor, the BIA tried to cover it up or sweep it under the rug by saying the immigration judge reviewed them, that they are not corroborative, but the immigration judge did not go through these two steps analysis, articulate what additional evidence, and give Mr. Purosh the opportunity to explain why they aren't reasonably obtainable, Your Honor. And also, the immigration judge faulted Mr. Purosh because he was reading from materials, while, Your Honor, due to the hearing was by television, and Mr. Purosh was in detention. And under the supervision of the guards, neither the guards nor the immigration judge instructed him that he could not have materials. And that was during a cross-examination, not during direct examination as the immigration judge insisted, Your Honor. And we respectfully ask this court to remand the case and grant the petition for review because substantial evidence and the record compels an alternative finding, Your Honor. We'd like to reserve the time. Thank you, counsel. Mr. Cochran. May it please the court. Todd Cochran on behalf of the Attorney General. The court has just heard Ms. Zuma try to convince it of a different way of looking at the agency's adverse credibility determination in hopes that the court will overturn that decision. But as the court is aware, the standard of review of the agency's findings of fact, including adverse credibility determinations, is substantial evidence. In order for Mr. Purosh to convince this court that the agency's findings were not based on substantial evidence, he has to show more than a plausible alternative theory to warrant reversal. Pursuant to 8 U.S.C. 1252b4b, he must show the evidence of record compels reversal. He cannot do so. The agency relied upon a number of reasons to make that finding. First, as mentioned in the answering brief, Mr. Purosh waived the argument about contradictions between his testimony and documentary evidence. And alternatively, he testified numerous times that he joined Jemaah because it was pro-democracy. That can be found at AR 145-46, 152-53, and 212. Yet his own evidence stated that the party considered democracy to be forbidden. That's at AR 308-09. Second, despite testifying that he joined Jemaah in 2012 and worked as a recruiter for the party, the agency determined it was implausible that Mr. Purosh would be unaware of a number of significant events involving Jemaah, even after he joined, contrary to what Ms. Juma just told you, including the war crimes committed in 1970, protests, riots in 2013, and response to Jemaah leaders being put on trial for those crimes, and the executions of prominent Jemaah leaders in 2013 to 2014. That can be found at AR 147-48, 307, and 314. Third, Mr. Purosh attempted to read a prepared statement at the outset of redirect examination's continued hearing, and he provided evasive and confusing responses about a doctor's note offered in 2021 purporting to describe treatment rendered to him in 2014. That can be found at AR 204-05, and 161-69. And fourth, he failed to sufficiently corroborate his not-credible testimony because he submitted two letters from his parents that were identical and omitted key facts. For example, they did not even mention that Mr. Purosh was a member of Jemaah. They did not describe when and how he was allegedly harmed. And he also submitted letters from his uncle and his cousin that were similarly vague and unspecific. Those can be found at AR 258-61, and 290-93, and 298. Because substantial evidence supports the agency's conclusions, and Mr. Purosh has not presented any arguments, to find the court to reverse that determination, the court should deny the petition for review. Subject to the court's questions, the respondent rests on the answering brief. Looks like we have no further questions. Anything further, counsel? Okay. Thank you, Your Honor. Your Honor, responding, I address the 1940 acts. Mr. Purosh should not be faulted for these acts that occurred, Your Honor, decades before he was even born, and that was the inception. Now, the current country condition in page administrative record 316 reflects that now Jemaah are advocating for a strong societal and political foundation in Bangladesh. When it talks about, like he should have known about 2013 riots, Your Honor, the immigration judge, based on his unsupported personal opinion, assumed that he should have known about these. However, he never asked where these riots took place, or whether these riots took place at the area where Mr. Purosh lived. And he just assumed he should have known about these acts, speculated, but never followed up with the questions about where these riots took place, whether at the same area where Mr. Purosh was. And Your Honor, in the doctor notes, regarding the doctor notes, our main argument is the immigration judge seems to not have a problem. Immigration judge stated they may corroborate. However, stated based on his opinion, they should have included more. These notes here, Your Honor, they only address the nature of the injuries and the type of treatment Mr. Purosh received at that time. Thank you, counsel. The case is taken under advisement, and the court will be in recess.